NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1148
_____

MARY SABLE; MICHAEL LANZA; WILLIAM GERWECK

v.

JENNIFER VELEZ, Commissioner, New Jersey Department of Human Services;
JOHN R. GUHL, Director, New Jersey Department of Human Services, Division of
Medical Assistance and Health Services

Mary Sable,
Michael Lanza,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 09-cv-02813)
District Judge: Honorable Anne E. Thompson

_____

Argued June 29, 2010
Before: SLOVITER, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: July 28, 2010)

John W. Callinan [Argued]
Suite 103
2052 Highway 35
Wall, NJ 07719-0000

Rene H. Reixach
Woods Oviatt Gilman
2 State Street
700 Crossroads Building

Rochester, NY 14614

   *Attorneys for Appellants*

Dianna M. Rosenheim [Argued]
Office of Attorney General of New Jersey
Department of Law and Public Safety
25 Market Street
Richard J. Hughes Complex
Trenton, NJ 08625-0000

   *Attorney for Appellees*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Mary Sable and Michael Lanza appeal the District Court's denial of their motion

for a preliminary injunction. Because we hold that the District Court's decision was

based on legal error, we will vacate and remand.

I.

Appellants are elderly individuals who, along with their spouses, had too many

resources to qualify for assistance under the federal Medicaid program 42 U.S.C. § 1396,

*et seq*. Around the time Appellants applied for Medicaid, their spouses purchased

promissory notes from their children that appeared to bring the couples' resources within

the Medicaid eligibility limits. Both applications were denied, however, because the New

Jersey Department of Human Services (the Department) counted the promissory notes as

resources, which caused Appellants to exceed the Medicaid resource threshold. The

Department reached that conclusion because it analyzed the promissory notes as trust-like devices.

Appellants brought this suit against the Department's Commissioner, Jennifer Velez, and the Director of the New Jersey Division of Medical Assistance and Health Services, John R. Guhl. Appellants sought to enjoin the Department from treating their notes as trust-like devices and asked the District Court to remand the matter so the Department could reconsider their applications under the proper analytical framework. The District Court denied Appellants' motion for preliminary injunction, holding they had not established a likelihood of success on the merits because federal law does not prohibit treating the notes at issue as trust-like devices.

When reviewing a preliminary injunction, "we review the court's legal conclusions de novo, its findings of fact for clear error, and its ultimate decision to grant or deny the preliminary injunction for an abuse of discretion." *Maldonado v. Houstoun*, 157 F.3d 179, 183 (3d Cir. 1998).

## II.

Appellants claim the District Court committed legal error when it held the promissory notes can be treated as trust-like devices under Medicaid. They argue such treatment violates the Medicaid statute's comparability provisions, which require a state's methodology for calculating income and resource eligibility to be "no more restrictive" than the methodology used for Supplemental Security Income (SSI). 42 U.S.C.

3

§§ 1396a(a)(1)(C)(i)(III), 1396a(r)(2).  A methodology is "considered to be 'no more restrictive' if, using the methodology, additional individuals may be eligible for medical assistance and no individuals who are otherwise eligible are made ineligible for such assistance."  § 1396a(r)(2)(B).  The Department may employ a different methodology, as long as it is no more restrictive.[1]

There are essentially two tracks of analysis for calculating resources under SSI: the regular rules and the trust rules.  Under the regular rules, a resource is defined as "cash or other liquid assets . . . that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance."  20 C.F.R. § 416.1201(a); *see also* § 416.120(c)(3) (using substantially similar language).  To be a resource, the cash or property must be capable of being "converted to cash within 20 days," § 416.1201(b), and the person must have the "right, authority, or power to liquidate the property or his or her share of the property," § 416.1201(a)(1).  In its Program Operations Manual System (POMS), the Social Security Administration has established tests for analyzing different

---

[1] The phrase, "no more restrictive" was added in a 1988 amendment to §1396(a)(10)(C)(I), Pub. L. 100-360 § 303(e)(1), which used to require that the state's "methodology . . . shall be the same methodology which would be employed under" the SSI.  *See Atkins v. Rivera*, 477 U.S. 154, 159 (1986).

instruments.[2]  The relevant POMS provisions contain tests for promissory notes, POMS

SI § 1140.300, and cash loans, § 1120.220.[3]

Prior to 1999, some applicants evaded the resource requirements by placing their

money in trusts, which frequently do not qualify as resources under § 416.1201.  *Kelley v.*

*Comm'r of Social Security*, 566 F.3d 347, 352-53 (3d Cir. 2009).  To close that loophole,

Congress amended the SSI statute to count trusts and trust-like devices separately.  42

U.S.C. § 1382b(e); *Kelley*, 566 F.3d at 352-53; *see also* 42 U.S.C. § 1396p(d) (the

Medicaid statute on trusts and trust-like devices).  Now, all trusts and trust-like devices

are considered resources unless explicitly excluded by statute.  §§ 1382b(e)(3), and (e)(6).

The POMS also contains a section on how to analyze trusts or trust-like devices, POMS

SI § 1120.201.

Critical to this appeal, the trust-like device analysis is secondary to the regular

analysis, even for instruments that meet the trust-like device requirements: "we will not

consider these arrangements under trust rules if they would be counted as resources under

regular SSI resource-counting rules."  § 1120.201(G)(1); *see also* § 1120.202(A)(5)(a)

---

[2] The POMS is the publicly available internal operating instructions for processing
SSI claims.  *Washington State Dept. of Social Health Servs. v. Keffler*, 537 U.S. 371, 385
(2003).  "While these administrative interpretations are not products of formal
rulemaking, they nevertheless warrant respect."  *Id.*; *see also James v. Richman*, 547 F.3d
214, 218 n.2 (3d Cir. 2008).

[3] We also note that the regulations list "promissory notes" as "resources that are
ordinarily liquid," 20 C.F.R. § 416.1201(b), whereas "loan agreements" are "resources
that are ordinarily nonliquid," § 416.1201(c).

(directing application reviewers to first determine whether the instrument is a countable resource "under regular SSI resource-counting rules"). Although the POMS does not define "regular SSI resource-counting rules," it refers to the regular rules discussed above.

The District Court held that "there is nothing in the Medicaid Act or the POMS that forbids a state from instead analyzing a promissory note as a trust-like device if the facts of the situation warrant such analysis." *Sable v. Velez*, 2009 WL 5174452, at *1 (D.N.J. 2009). Despite the veracity of that statement, we hold that the District Court did not undertake the proper analysis to determine whether the facts of this case warrant trust-like device analysis. The SSI analysis requires inquiry into whether the notes at issue in this appeal are resources under the regular resource-counting rules. If they are resources, the SSI analysis would never reach the trust-like device provision. Because the District Court proceeded to the trust-like device analysis without first applying the regular rules, it committed legal error.[4]

---

[4] Appellants claim a promissory note can never be treated as a trust-like device under 42 U.S.C. § 1396(d) because such treatment would render § 1396p(c) meaningless. But the two subsections do not affect each other. Subsection (d) addresses counting resources for eligibility, whereas subsection (c) addresses punishing sham transactions in which assets are transferred for less than fair market value. Because the two are different, instruments can be relevant under both subsections. For example, annuities are punishable under §§ 1396p(c)(1)(F) and (G) and can be analyzed as trust-like devices for eligibility. *See* POMS SI § 1120.201(G)(2) (listing examples of trust-like devices, including "annuities").

To be clear, we do not hold that the promissory notes at issue in this appeal would necessarily be counted as resources under the regular SSI resource-counting rules; that determination depends on whether they satisfy those rules. For example, under the cash loan provision, the notes need to be "bona fide," "negotiable," POMS SI § 1120.220(B)(2), and "enforceable under state law,"[5] § 1120.220(A)(1); *see also* § 1120.220NY(B)(1) (SSI policy explaining when an informal loan is legally binding in New Jersey). It remains for the District Court to make those determinations in the first instance.[6]

We hold only that the District Court committed legal error when it analyzed the notes as trust-like devices without first determining whether they would be counted as resources under the regular resource-counting rules. Accordingly we will vacate the District Court's order and remand for further proceedings not inconsistent with this opinion.

---

[5] Contrary to the Department's argument, the District Court will not need to determine whether the transactions had a "loan purpose" because that requirement is not contained in the statute, regulations, or POMS.

[6] On remand, the District Court will also need to determine whether Appellants have shown a likelihood of success on the merits. Success on the merits requires showing they would have been eligible under SSI, not that they would have been entitled to some hypothetical defenses. *See, e.g.*, *Roach v. Morse*, 440 F.3d 53, 59 (2d Cir. 2006) ("[T]o succeed in their claim, plaintiffs must show that Vermont's Medicaid methodology renders them ineligible for benefits for which they would be eligible under the SSI methodology.").